IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-451-05






ARTHUR WILLIAMS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY






 Per curiam.


O P I N I O N 




 A jury found Appellant guilty of felony driving while intoxicated and the trial
court assessed punishment at ten years of community supervision and a fine of $1,000,
probated. The Court of Appeals reversed the conviction, finding that the evidence was
legally insufficient to support Appellant's conviction. Williams v. State, No. 08-03-00083-CR (Tex. App. -- El Paso 2005). The Court of Appeals held that the State offered
no evidence of Appellant's prior convictions for driving while intoxicated, which would
have elevated the primary offense to a felony. Appellant had stipulated to the prior
convictions and the trial court granted his motion to preclude the State from presenting
evidence of the convictions in its case-in-chief or mentioning Appellant's stipulation to
the jury. The Court of Appeals concluded that the trial court's decision was made when
the law regarding stipulations in felony DWI cases was in flux, and therefore, the decision
to prohibit discussion of the stipulation was not invited error.

 The State has filed a petition for discretionary review contending that the Court of
Appeals erred to conclude that the evidence of Appellant's prior convictions was legally
insufficient because Appellant induced the trial court to erroneously rule that his
stipulation was sufficient proof of that element of the offense. The State argues that 
Appellant should be estopped from challenging the sufficiency of the element that made
the charged offense a felony. 

 Recently, in Bryant v. State, S.W.3d (Tex. Crim. App. No. 672-04, delivered
April 6, 2005), we addressed essentially the same issue. We concluded that the
defendant's stipulation to his prior convictions was a judicial admission and that he
thereby waived his right to put the State to its proof of that element. Id. slip op. at 12-13. 
The Court of Appeals in the instant case did not have the benefit of our opinion in Bryant. 
Accordingly, we grant ground one of the State's petition for discretionary review, vacate
the judgment of the Court of Appeals, and remand this case to the Court of Appeals for
consideration in light of our opinion in Bryant.


Delivered September 14, 2005

Do Not Publish